UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


LISA MILSON, *et al.*,            )
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )     No. 4:06-CV-797 CEJ
                                  )
CHRISTIAN A. SHEPARD, *et al.*    )
                                  )
          Defendants.             )

## **MEMORANDUM AND ORDER**

Plaintiffs Lisa Milson and the Estate of R.C. bring this action pursuant to 42 U.S.C. § 1983, claiming violation of the Eighth and Fourteenth Amendments to the United States Constitution, and asserting pendent state law claims of negligence. Defendants John Reddick, Jerry Lee, Nathan Wilds, St. Louis County, and the St. Louis County Police Department move to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiffs have responded, and the issues are fully briefed.

**I.   Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson,

---

[1] Plaintiffs have not yet filed proof of service of the complaint on the remaining defendants, Thomas Robinson, Teann Williams, Tiffany Brower, Michael Shinkle, Christian Shepard, and Jane Doe.

355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**II. Background**

On May 17 or early May 18, 2003, defendant Reddick, a police officer for the St. Louis County Police Department, attempted to arrest defendant Christian A. Shepard, the driver of a vehicle in which R.C. was a passenger. R.C. was the minor son of plaintiff Milson. According to the complaint, defendant Reddick closely pursued Shepard's vehicle, driving at speeds in excess of 80 miles per hour. As a consequence of the high speed chase, Shepard's vehicle crashed and R.C. was killed. At the time of the incident, defendant Lee was the chief of the St. Louis County Police Department and defendant Wilds was a supervisory officer.

**III. Discussion**

    **A.    Constitutional Claims**

Section 1983, Title 42 of the United States Code provides a cause of action for the deprivation of constitutional rights

committed by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 638 (1980). The "essential elements of a § 1983 claim are: (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003).

"[I]n a high-speed automobile chase aimed at apprehending a suspected offender . . . only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a [substantive] due process violation." Lewis, 523 U.S. at 836, 854. "[H]igh-speed chases with no intent to harm suspects physically or worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." Id.; see also Helseth v. Burch, 258 F.3d 867 (8th Cir. 2001).

Public servants may be sued under section 1983 in their official capacity, their individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). In a section 1983 action against a public official in his or her individual capacity, a plaintiff must show that the official, acting under color of law, violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 536; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Compensatory and punitive damages awards are available only from defendants sued under section 1983 in their individual

capacity, but not from defendants sued in their official capacity. Murphy v. McClendon, 712 F.Supp. 921, 925 (N.D. Ga., 1988), citing Brandon v. Holt, 469 U.S. 464, 471-73 (1985); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998).

### 1. Section 1983 Claims Against Defendants Reddick and Lee

In Count VII, plaintiffs assert a section 1983 claim of excessive force against Reddick and Lee based on the Eighth and Fourteenth Amendments. Plaintiffs allege that Reddick, acting under color of law, intentionally and maliciously used his police car to tailgate and to strike Shepard's vehicle during the chase. They further allege that Lee acted in concert with Reddick, and that Lee "failed to issue clear directives . . . for engaging in threatening behavior toward the vehicle occupied by [R.C.]."

In their motions to dismiss Count VII, defendants Reddick and Lee assert that the plaintiffs cannot state a claim for relief under the Eighth Amendment. The Eighth Amendment is implicated when a claim of excessive force is made by a post-conviction plaintiff. It has no application in an excessive force claim made by a pretrial detainee or an arrestee. Graham v. Connor, 490 U.S. 386, 395 (1989) (holding that claims of excessive force by law enforcement officers in the course of an arrest, investigatory stop, or other "'seizure' of a free citizen" is to be analyzed under the Fourth Amendment, not the Eighth Amendment). Thus, the

plaintiffs' claim of an Eighth Amendment violation will be dismissed.[2]

The Fourteenth Amendment's substantive due process guarantee "protects against government power arbitrarily and oppressively exercised." County of Sacramento v. Lewis, 523 U.S. 833, 846 (2001) (citation omitted). When the underlying constitutional violation in a section 1983 claim is a substantive due process claim, a plaintiff "must satisfy the formidable 'shocks the conscience' standard." Kuha, 365 F.3d at 605-606 (citation omitted).

Defendants Lee and Reddick assert that the plaintiffs' excessive force claim based on the Fourteenth Amendment must also be dismissed because the plaintiffs have not sufficiently alleged that the defendants intended to harm R.C.

"[I]n a high-speed automobile chase aimed at apprehending a suspected offender . . . only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a [substantive] due process violation." County of Sacramento v. Lewis, 523 U.S. 833, 854 (1998). Thus, in Lewis, the Supreme Court held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983."

---

[2] For the same reason, the Eighth Amendment claim in Count VII against St. Louis County will also be dismissed.

5

Subsequently, in Helseth v. Burch, 258 F.3d 867, 870-71 (8th Cir. 2001), the court, following Lewis, held that an "intent-to-harm" standard "applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender." The issue before the appellate court in Helseth was whether the district court had properly denied summary judgment to the defendant police officer under the intent-to-harm standard. Based on "the undisputed evidence," the court of appeals found that the defendant's maneuvers were employed for the purpose of stopping the fleeing vehicle and apprehending the driver, and that "[t]he only harm intended by this conduct was incidental to [the defendant's] legitimate objective of arresting [the driver]." Id. at 872.

In the instant case, the plaintiffs specifically allege that the defendants intended to harm the occupants of the Shepard vehicle by striking it during the high-speed chase. The Court finds the allegations sufficient to state a claim of excessive force, in violation of the Fourteenth Amendment. Unlike Helseth, the facts in this case have not been sufficiently developed so as to allow the Court to determine whether the plaintiffs will be able meet their burden of proof under the intent-to-harm standard.

Defendant Lee further argues that Count VII should be dismissed as to him, because he cannot be held liable for the actions of Reddick. Lee correctly states that a defendant in an action based on section 1983 cannot be held vicariously liable

6

under a theory of *respondeat superior.* Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001). However, that rule has no application where, as here, the plaintiffs allege that the defendant supervisor was directly involved in the constitutional deprivation and that the defendant failed to train his subordinates. See Tilson v. Forrest City Police Dept., 28 F.3d 802, 806-807 (8th Cir. 1994) (internal citations omitted) (a supervisor, including a chief of police, "may be held liable under § 1983 if he directly participated in the constitutional violation . . . or if his failure to train or supervise the offending actor caused the deprivation.").

Defendant Reddick has submitted his affidavit, and by doing so asks the Court to consider his motion to dismiss as a motion for summary judgment. Rule 12(b) of the Federal Rules provides:

> If on a motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The parties have not begun discovery, and the Court agrees with plaintiffs that consideration of whether to grant summary judgment would be premature. At present, it cannot be said that the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Therefore, the Court thus declines to consider

7

Reddick's affidavit in connection with the motion to dismiss, and will not treat the motion as one for summary judgment. The motion to dismiss the excessive force claim based on the Fourteenth Amendment will be denied.

**2.    Section 1983 Claim Against St. Louis County**

In the complaint, plaintiffs allege that the St. Louis County Police Department has a pattern and practice of unlawful and high speed chase practices has "customary pattern and practice of unlawful and excessive high speed chase practices," and that St. Louis County police officers are not provided adequate training on high speed chases. Complaint, ¶¶ 18 and 20.  Based on these allegations, plaintiffs assert a claim of constitutional violation against St. Louis County in Count VII.  St. Louis County moves to dismiss Count VII, arguing that plaintiffs' allegations are insufficient to support a constitutional claim.

"In a section 1983 action, a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality."  Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 832 (8th Cir. 2005)(citations omitted).  See also Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978.  The Court finds sufficient the plaintiffs' allegations that the conduct of the individual defendants resulted from the policies and customs of defendant St. Louis County.  As such, the motion to dismiss Count VII against St. Louis County will be denied.

**3.    Claims Against St. Louis County Police Department**

Because the St. Louis County Police Department is a municipal department of St. Louis County and lacks legal identity separate from the county, the police department is not a suable entity. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1997); Mosley v. Reeves, 99 F.Supp.2d 1048, 1053 (E.D. Mo. 2000). Thus, the federal and state law claims against the St. Louis County Police Department will be dismissed.

To the extent the plaintiffs' claims are asserted against defendants Lee and Reddick in their official capacity as officers of the St. Louis County Police Department, the claims will be dismissed. An action brought against a public employee acting in his official capacity is an action against the employer. See Johnson v. Outboard Marine, 172 F.3d at 535. Because the St. Louis County Police Department is not a suable entity, claims asserted against it through its employees must be dismissed

**B.  State-Law Claims**

**1. Tort claims**

Defendants ask the Court to decline to assert pendent jurisdiction over the plaintiffs' state-law claims of negligence, wrongful death, and for injury to R.C. (Counts I, II, III and V). As discussed above, federal claims remain pending in this action. Thus, no basis exists under 28 U.S.C. § 1367 for declining jurisdiction over the state-law claims.

**2. Claims Against Defendant Reddick**

Plaintiffs allege defendant Reddick knew or should have known the risks of engaging in a high-speed chase, but negligently did so despite this knowledge, ultimately causing the death of R.C. Reddick moves to dismiss Counts I, III and V for failure to state a claim. He asserts that plaintiffs' tort claims are barred by the doctrine of official immunity and the public duty doctrine.

"The official immunity doctrine provides that public officials, 'acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity.'" Vaughn v. Logsdon, 2006 WL 1766556, *5 (W.D. Mo. 2006) (slip op.), *citing* Kanagawa v. State, 685 S.W.2d 831, 835 (Mo. banc 1985) (*overruled on other grounds by* Alexander v. State, 756 S.W.2d 539 (Mo. banc 1988)). The official immunity doctrine applies to allegations of negligent acts by police officers acting in their official capacity. Green v. Denison, 738 S.W.2d 861, 865 (Mo. banc 1987), *abrogated on other grounds by* Davis v. Lambert St. Louis Int'l Airport, 193 S.W.3d 760, 763 (Mo. banc). Official immunity applies to police officers responding to an emergency, but not to police officers responding to a non-emergency. Davis, 193 S.W.3d at 763, *citing* Brown v. Tate, 888 S.W.2d 413, 415 (Mo. Ct. App. 1994). Deciding when to begin and when to end the pursuit of a fleeing vehicle is a discretionary decision which requires professional expertise and judgment. See Fonseca v. Collins, 884 S.W.2d 63 (Mo. Ct. App. 1994); Brown v. Tate, 888 S.W.2d 413, 415 (Mo. Ct. App. 1994).

Defendant Reddick's decision to pursue the car in which plaintiff was a passenger was a discretionary decision made in the course of his official duties. Thus, official immunity bars a tort action against defendant Reddick based on his conduct during the pursuit.

Plaintiffs argue that official immunity does not shield defendant Reddick, because he was not responding to an emergency situation. Plaintiffs claim that Reddick created an emergency by his "unlawful conduct" when he chose to pursue Shepard's car and to attempt to arrest him for a minor traffic violation. Plaintiffs point to the Missouri statute that allows drivers of emergency vehicles to "[e]xceed the prima facie speed limit so long as the driver does not endanger life or property." Mo. Rev. Stat. § 304.022 (2006); Mo. Rev. Stat. § 300.100 (2006).

Although neither section 304.022 nor section 300.100 defines "emergency situation," a definition is found in section 70.820, relating to cross-jurisdictional pursuits of suspects, which defines "emergency situation" as:

> any situation in which the law enforcement officer has a reasonable belief that a crime is about to be committed, is being committed, or has been committed involving injury or the threat of injury to any person, property, or governmental interest and such officer's response is reasonably necessary to prevent or end such emergency situation or mitigate the likelihood of injury involved in such emergency situation. The determination of the existence of any emergency situation shall be in the discretion of the officer making the response.

Mo. Rev. Stat. § 70.820.

Thus, as a matter of Missouri law, Reddick had discretion to determine whether an emergency situation existed and how to respond to it. The doctrine of official immunity shields defendant Reddick from liability for any injury arising from the pursuit.

Plaintiffs correctly point out that a finding of official immunity does not preclude a finding of negligent acts. Official immunity "does not deny the existence of" the tort of negligence; it provides that an officer "will not be liable for damages caused by his negligence." Davis, 193 S.W.3d at 765-66 (citations omitted). Plaintiffs, however, do not seek a declaration of Reddick's liability. They seek only monetary relief, the award of which is precluded by the official immunity doctrine. Thus, the tort claims against Reddick will be dismissed.

### 3. Claims Against Defendant Wilds

Plaintiffs allege that defendant Wilds, an employee of the St. Louis County Police Department, had a duty to supervise defendant Reddick and negligently directed and permitted Reddick to engage in a high speed chase of Shepard, causing R.C.'s death. Plaintiffs assert claims of wrongful death, negligence and excessive use of speed against Wilds (Counts I, III and V). Wilds moves to dismiss for failure to state a claim, arguing that the public duty and official immunity doctrines bar the claims against Wilds.

The public duty doctrine holds that a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public. Brown v. Tate, 888 S.W.2d 413, 416 (Mo. Ct. App. 1994). "A citizen has no cause of

12

action for injuries sustained as the result of an alleged breach of public duty to the community as a whole." Christine H. v. Derby Liquor Store, 703 S.W.2d 87, 89 (Mo. Ct. App. 1985). "The kind of duty owed to the public at large, rather than the individual injured, is the kind that requires the public official to use his professional expertise, training, and judgment; it is not sufficient that the public official be acting within the scope of his employment." Davis-Bey v. Missouri Dept. of Correction, 944 S.W.2d 294, 298 (Mo. Ct. App. 1997).

Defendant Wilds' duty to supervise defendant Reddick was a duty owed to the general public, and required Wilds to use his professional judgment. The claims against Wilds are barred by the public duty doctrine, and the Court will dismiss the claims against him. Because the official immunity and public duty doctrines "merge [to] produce the same result," the Court will not consider the issue of official immunity as it relates to Wilds. See Brown, 888 S.W.2d at 416.

### 4. Claims Against Defendant Lee

Plaintiffs allege that defendant Lee acted negligently when he failed to train and supervise defendant Reddick adequately, failed to institute adequate policies and procedures regarding high-speed car chases, and failed to comply with existing policies and procedures, thereby causing R.C.'s death. Lee moves to dismiss Counts I, II and V for failure to state a claim, asserting that he is protected by the doctrine of official immunity and the public duty doctrine.

The Missouri Court of Appeals has explained what distinguishes ministerial acts from discretionary acts:

> Whether an act can be characterized as discretionary depends upon the degree of reason and judgment required. It has been said that a discretionary act requires "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued." . . . A ministerial function, in contrast, is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed."

Hagedorn v. Adams, 854 S.W.2d 470, 476 (Mo. Ct. App. 1993), *citing* Kanagawa v. State, 685 S.W.2d 831, 836 (Mo. banc 1985) (*overruled on other grounds by* Alexander v. State, 756 S.W.2d 539 (Mo. banc 1988)).

The Court finds that defendant Lee's training and supervision of officers, issuing directives, and developing policies regarding high-speed car chases were discretionary activities. The Court further finds that Lee's decisions on how to comply with existing policies regarding high-speed chases were discretionary decisions. The doctrine of official immunity shields defendant Lee from tort liability. Therefore, the Court will dismiss Counts I, II, and V against defendant Lee.

### 5. Claims Against St. Louis County

In Count II, plaintiffs allege that defendant St. Louis County negligently failed to train and supervise defendant Reddick and negligently failed to establish policies and procedures for the conduct of high-speed chases. St. Louis County moves to dismiss

14

Count II, arguing that it is immune from liability under the doctrine of sovereign immunity.[3]

As a governmental entity, St. Louis County is entitled to sovereign immunity from tort liability. Oberkramer v. City of Ellisville, 650 S.W.2d 286, 294 (Mo. Ct. App. 1983). Missouri waives sovereign immunity in cases of injuries "directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles . . . within the course of their employment." Mo. Rev. Stat. § 537.600(1). The statute provides for an "absolute waiver of sovereign immunity in all cases" subject to the waiver. Id. "The language 'directly resulting from' in section 537.600 corresponds to proximate cause." Stanley v. City of Independence, 995 S.W.2d 485, 488 (Mo. banc 1999). "'Suits to recover damages pursuant to [the sovereign immunity] waiver are brought under the doctrine of *respondeat superior*.'" Davis-Bey, 944 S.W.2d at 298 n. 5, *citing* McGuckin v. City of St. Louis, 910 S.W.2d 842, 844 (Mo. Ct. App. 1995) (*overruled on other grounds by* Davis v. Lambert-St. Louis Int'l Airport, 193 S.W.3d 760 (Mo. banc 2006). Under that doctrine, an employer is responsible for the negligent acts of its employees, provided those acts are within the scope of the employee's duties. Studebaker v. Nettie's Flower Garden, Inc., 842 S.W.2d 227, 229 (Mo. Ct. App. 1992). "A governmental employer may still be liable for the actions of its

---

[3]St. Louis County also moves to dismiss the state-law claims in Counts I and V, based on lack of pendent jurisdiction, not on sovereign immunity grounds.

employee even if the employee is entitled to official immunity." Davis, 193 S.W.3d at 766.

Plaintiffs' allege in Count II that St. Louis County failed to train and supervise defendant Reddick, failed to develop adequate policies and procedures for high-speed chases, and failed to comply with existing procedures for such chases. These activities do not fall within the waivers of sovereign immunity provided by Mo. Rev. Stat. § 537.600. Thus, the Court will dismiss Count II against defendant St. Louis County.

**IV. Conclusion**

In summary, the Court will dismiss Count I as to defendants Reddick and Lee; Count II as to defendants Lee and St. Louis County; Count III as to defendant Reddick; Count V as to defendants Reddick and Lee; and the Eighth Amendment and official capacity claims in Count VII as to defendants Reddick and Lee. The Court will dismiss all claims against defendants Nathan Wilds and the St. Louis County Police Department.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are **granted in part, and denied in part**.

**IT IS FURTHER ORDERED** that Count I is dismissed as to defendants Reddick and Lee, Count II is dismissed as to defendant Lee and defendant St. Louis County, Count III is dismissed as to defendant Reddick, Count V is dismissed as to defendants Reddick and Lee, the Eighth Amendment and official capacity claims in Count VII are dismissed as to defendants Reddick and Lee, and all claims

16

are dismissed as to defendants Wilds and St. Louis County Police Department.

**IT IS FURTHER ORDERED** that defendants Reddick, Lee, and St. Louis County shall file an answer to the remaining claims not later than **March 26, 2007.**

A separate order of dismissal in accordance with this memorandum and order will be entered this same date.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2007.